UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LLOG EXPLORATION COMPANY, L.L.C.,<br>    Plaintiff | CIVIL ACTION |
| VERSUS | NO. 14-2791 |
| SIGNET MARITIME CORPORATION, INC.,<br>    Defendant | SECTION: "E" (3) |

## ORDER AND REASONS

Before the Court is Defendant/Counter-Plaintiff Signet Maritime Corporation's ("Signet") Motion *in Limine* to Exclude Any Evidence on Enforceability of Liquidated Damages Provisions.[1] Plaintiff/Counter-Defendant LLOG Exploration Company, L.L.C. ("LLOG"), has filed a response to the motion.[2] The Court has considered the arguments of counsel and the applicable law. For the reasons that follow, the Motion *in Limine* is **GRANTED**.

In the present motion *in limine*, Signet seeks to exclude "any evidence at trial regarding the enforceability or legality of the parties' contractual liquidated damages provision."[3] Signet contends the alleged unenforceability of a liquidated damages provision is an affirmative defense, which must be affirmatively plead pursuant to Rule 8(c) of the Federal Rules of Civil Procedure.[4] Signet notes that LLOG never raised the alleged unenforceability of the liquidated damages provision as an affirmative defense to Signet's claims, nor did LLOG ever object to those provisions "as supposedly penal in nature or otherwise unenforceable at all until it submitted the pretrial order."[5] Because

---

[1] R. Doc. 48.
[2] R. Doc. 52.
[3] R. Doc. 48-1 at 1.
[4] R. Doc. 48-1 at 1.
[5] R. Doc. 48-1 at 2–3.

1

LLOG failed to plead this defense in its answer, Signet contends that LLOG should be precluded from offering any evidence or argument at trial that the liquidated damages provision is instead an unenforceable penalty provision.[6]

In response, LLOG "agrees that the enforceability of a liquidated damages provision is considered an affirmative defense in the Fifth Circuit."[7] Thus, LLOG does not dispute that its failure to plead such a defense in its initial pleadings amounts to its waiving that defense.[8] According to LLOG, the defense was only included in its pre-trial inserts to "preserve" the issue, not to suggest the defense would be argued at trial.[9] In fact, LLOG states, in particular, that "it will not present evidence or argument that the provisions of the contract are legally unenforceable 'penalty' provisions."[10] Instead, LLOG maintains it only intends to argue that Signet's application of the provision is void under the facts, *i.e.*, that the liquidated damages provision was not triggered under the facts of this case.[11]

Accordingly;

**IT IS ORDERED** that Signet's Motion *in Limine* to Exclude Any Evidence on Enforceability of Liquidated Damages Provisions is **GRANTED**. LLOG is not permitted to argue at trial that the liquidated damages provision is, as a matter of law, an unenforceable penalty provision.

---

[6] R. Doc. 48-1 at 1.
[7] R. Doc. 52 at 3.
[8] The Court notes the defense was not included in LLOG's Answer to Signet's counter-claim, nor was the defense otherwise pleaded before its mention in the pre-trial order.
[9] R. Doc. 52 at 2–3.
[10] R. Doc. 52 at 1.
[11] LLOG included this particular factual argument in its initial complaint, and is thus permitted to extend such an argument at trial. R. Doc. 1 at 2–3.

New Orleans, Louisiana, this 2nd day of November, 2015.

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**