UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LLOG EXPLORATION COMPANY, L.L.C.,<br>  Plaintiff | CIVIL ACTION |
| VERSUS | NO. 14-2791 |
| SIGNET MARITIME CORPORATION, INC.,<br>  Defendant | SECTION: "E" (3) |

## ORDER AND REASONS

Before the Court is Defendant/Counter-Plaintiff Signet Maritime Corporation's ("Signet") Motion *in Limine* to Exclude Evidence Responsive to Interrogatories and for Attorney's Fees.[1] Plaintiff/Counter-Defendant LLOG Exploration Company, L.L.C. ("LLOG"), opposes the motion.[2] The Court has considered the arguments of counsel and the applicable law. For the reasons that follow, the Motion *in Limine* is **GRANTED**.

## BACKGROUND

In the present motion *in limine*, Signet seeks to exclude "from trial any evidence responsive to Signet's Interrogatories served on [LLOG] on July 9, 2015, and for attorneys' fees pursuant to Federal Rule of Civil Procedure 37(d)."[3] Signet maintains that LLOG failed to respond to its Interrogatory No. 2, which requested "any and all representations, statements, declarations, or admission[s] of fault alleged to have been made by Signet which [LLOG] might attempt to make known to the Judge or jury during trial of this cause."[4] Signet notes that LLOG's response was originally due on August 11, 2015, but LLOG failed to provide a response by the deadline.[5] Signet then granted LLOG

---

[1] R. Doc. 49.
[2] R. Doc. 51.
[3] R. Doc. 49 at 1.
[4] R. Doc. 49-1 at 1, 2.
[5] R. Doc. 49-1 at 3; R. Doc. 49-3 at 1–2.

1

a 10-day extension.[6] According to Signet, LLOG did not provide an answer to Interrogatory No. 2 by the extended deadline, nor has LLOG provided an answer at any time thereafter "despite numerous requests from Signet for a response."[7] As such, Signet has filed the present motion *in limine*, seeking sanctions under Rule 37 of the Federal Rules of Civil Procedure.[8] In particular, Signet argues that the Court, under Rule 37, should preclude LLOG from offering any evidence or argument at trial that is responsive to Signet's Interrogatory No. 2.[9] Signet also argues it is entitled to attorney's fees under Rule 37.[10]

In response, LLOG contends Signet, through its motion *in limine*, is "improperly and tardily moving to compel discovery responses and/or to seek sanctions for failure to respond to discovery."[11] LLOG claims Signet's motion *in limine* is, in fact, a motion to compel "cloaked in other garb," which was filed after the close of discovery, and thus should be denied.[12]

## **LAW AND ANALYSIS**

In this case, it is clear that LLOG failed to respond to Signet's Interrogatory No. 2. LLOG even admits that, to date, it has never provided a response to Interrogatory No. 2.[13] LLOG's failure to respond is inexcusable.

Rule 37(d) permits the district court to impose sanctions on a party who, "after properly being served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response."[14] Such sanction may

---

[6] R. Doc. 49-1 at 3; R. Doc. 49-3 at 1–2.
[7] R. Doc. 49-1 at 3.
[8] R. Doc. 49-1 at 2.
[9] *See* R. Doc. 49-1 at 2, 5.
[10] R. Doc. 49-1 at 2.
[11] R. Doc. 51 at 1.
[12] R. Doc. 51 at 1, 4–5.
[13] R. Doc. 51 at 3–4.
[14] FED. R. CIV. P. 37(d)(1)(A)(2).

include an order "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence."[15] Further, the district court "must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."[16]

In light of LLOG's failure to respond to Signet's Interrogatory No. 2, the Court finds it appropriate to grant Signet's motion *in limine*. However, the Court will defer a ruling until trial on whether specific testimony, documents, and other evidence should have been produced in response to Interrogatory No. 2 and, thus, are excluded.

Accordingly;

**IT IS ORDERED** that Signet's Motion *in Limine* to Exclude Evidence Responsive to Interrogatories and for Attorney's Fees is **GRANTED**.

**IT IS FURTHER ORDERED** that Signet be awarded reasonable costs and attorney's fees in connection with this motion. The issue of attorney's fees is hereby referred to the magistrate judge.

**New Orleans, Louisiana, this 3rd day of November, 2015.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[15] FED. R. CIV. P. 37(d)(3), (b)(2)(A)(ii).
[16] FED. R. CIV. P. 37(d)(3).