## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LLOG EXPLORATION COMPANY, L.L.C.,**<br>     **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-2791** |
| **SIGNET MARITIME CORPORATION, INC.,**<br>**Defendant** | **SECTION: "E" (3)** |

## ORDER AND REASONS

Before the Court is a Rule 59 motion to amend judgment filed by Signet Maritime Corporation ("Signet").[1] LLOG Exploration Company ("LLOG") opposes the motion.[2] For the reasons that follow, the motion is **DENIED**.

## BACKGROUND

On December 10, 2014, LLOG filed a Complaint for Declaratory Judgment with respect to its obligations to Signet under certain contractual documents.[3] Signet answered the Complaint and asserted a counterclaim for breach of contract on January 21, 2015.[4] This matter proceeded to a two-day bench trial on November 9, 2015. Based on the evidence presented at trial, the Court entered Judgment in favor of LLOG and against Signet.[5] The Court awarded LLOG "attorneys' fees, court costs, and other defense costs, in accordance with Paragraph 29 of the Contract" between the parties.[6] On December 23, 2015, Signet filed the instant motion to amend the Court's Judgment, arguing LLOG is not entitled to an award of attorneys' fees under the contract between the parties.[7]

---

[1] R. Doc. 78.
[2] R. Doc.
[3] R. Doc. 1.
[4] R. Doc. 11.
[5] *See generally* R. Docs 75, 76.
[6] *See* R. Doc. 75 at 16–17; R. Doc. 76.
[7] R. Doc. 78.

## LAW AND ANALYSIS

Signet seeks to amend the Court's Judgment under Rule 59 of the Federal Rules of Civil Procedure.[8] The Court treats the motion as one filed under Rule 59(e). A Rule 59(e) motion "calls into question the correctness of a judgment," and courts have considerable discretion in deciding whether to grant such a motion.[9] To prevail on a Rule 59(e) motion, the movant must establish at least one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence not previously available; or (3) a manifest error in law or fact.[10] Signet does not cite any of these factors in its motion, but the only factor which could possibly apply to this case is the third, *i.e.*, whether awarding LLOG attorneys' fees under its Contract with Signet amounts to a manifest error in law or fact.

Paragraph 29 of the Contract provides:

Should either party commence legal proceedings to enforce any of its rights under the Agreement, including  without limitation the right to receive payment in accordance with the terms of this Agreement, then conditioned upon obtaining the judgment in its favor to enforce said rights, that party shall be entitled to additionally recover from the other party all expenses it incurred in enforcing those rights, including without limitation all reasonable attorney's fees, court costs, and other defense costs.[11]

Signet contends that, although LLOG prevailed on its Complaint for Declaratory Judgment, the declaratory judgment action was not a legal proceeding to "enforce" rights under the Contract. Signet notes LLOG "sued for a declaratory judgment to 'declare the rights, liabilities and other legal relationships under the Contract,'" not to "enforce any of

---

[8] R. Doc. 78 at
[9] *See, e.g., In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002).
[10] *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005). *See also Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 567 (5th Cir. 2003); *Norris v. Causey*, No. 14-1598, 2016 WL 311746, at *4 (E.D. La. Jan. 26, 2016).
[11] Trial Exhibit 1.

its rights under the Contract."[12] For that reason, Signet argues LLOG is not entitled to an award of attorneys' fees. To prevail on this argument, Signet must establish, as noted above, that awarding attorneys' fees to LLOG under the Contract amounts to a manifest error of fact or law.

"Manifest error" is one that "is plain and indisputable, and that amounts to a complete disregard of the controlling law."[13] Signet has not pointed to any controlling Fifth Circuit precedent. As a result, Signet has not established that the Court's award of attorneys' fees to LLOG was a manifest error of law or fact or, stated differently, that the award of attorneys' fees was a "complete disregard of the controlling law."

The parties listed as an uncontested material fact in the Pretrial Order that "[t]he contract between LLOG and Signet allows the prevailing party to recover its attorneys' fees."[14] The parties also entered into an identical joint stipulation, *i.e.*, that "[t]he contract between LLOG and Signet allows the prevailing party to recover its attorneys' fees."[15] Signet alleged an entitlement to attorneys' fees under the Contract in its proposed Findings of Fact and Conclusions of Law.[16] LLOG likewise alleged an entitlement to attorneys' fees in its proposed Findings of Fact and Conclusions of Law.[17] A Rule 59 motion is not the appropriate vehicle to relitigate LLOG's entitlement to attorneys' fees. It is well established that "[a] party may not use a Rule 59(e) motion to relitigate prior

---

[12] R. Doc. 78-1 at 2.
[13] *See, e.g., Pechon v. La. Dep't of Health and Hospitals*, No. 08-0664, 2009 WL 2046766, at *4 (E.D. La. July 14, 2009) (quoting *Venegas-Hernandez v. Sonolux Records*, 370 F.3d 183, 195 (1st Cir. 2004); *Bank One, Texas, N.A. v. F.D.I.C.*, 16 F. Supp. 2d 698, 713 (N.D. Tex. 1998) ("[A] manifest error is an obvious mistake or departure from the truth.") (internal quotation marks omitted)).
[14] R. Doc. 67 at 9.
[15] R. Doc. 47 at 2.
[16] R. Doc. 57 at 11.
[17] R. Doc. 55 at 8.

matters that should have been urged earlier or that simply have been resolved to the movant's dissatisfaction."[18]

## **CONCLUSION**

For the foregoing reasons, Signet's motion to amend judgment under Federal Rule of Civil Procedure 59 be and hereby is **DENIED**.

**New Orleans, Louisiana, this 3rd day of February, 2016.**

_____

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[18] *Sanchez v. Tangipahoa Parish Sheriff's Office*, No. 08-1227, 2010 WL 4340333, at *1 (E.D. La. Oct. 21, 2010) (quoting *In re Self*, 172 F. Supp. 2d 813, 816 (W.D. La. 2001)) (internal quotation marks omitted); *Warren v. Quarterman*, No. 3:08-CV-1228-N, 2009 WL 77694, at *1 (N.D. Tex. Jan. 12, 2009) (quoting *Peterson v. Cigna Grp. Ins.*, No. 99-2112, 2002 WL 1268404, at *2 (E.D. La. June 5, 2002)) (internal quotation marks omitted).